Pamela L. TRAYLOR, et al., Plaintiffs,

v.

FIRST FAMILY FINANCIAL
SERVICES, INC., et al.,
Defendants.

No. CV–93–D–584–E.

United States District Court,
M.D. Alabama,
Eastern Division.

April 17, 1995.

Steven F. Schmitt, John Garland Smith, Tallassee, AL, for plaintiffs.

William A. Robinson, R. Carlton Smyly, Birmingham, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

DeMENT, District Judge.

Before the court is plaintiff Pamela L. Traylor's motion filed September 12, 1994, to withdraw the reference to the bankruptcy court or, in the alternative, to remand this action to the Circuit Court of Elmore County.[1] The plaintiff moved for withdrawal after the bankruptcy judge questioned the authority of a non-Article III tribunal to conduct a jury trial.[2] The defendant, First Family Financial Services, Inc., filed a response on September 22, 1994. After careful consideration of the arguments of counsel, the relevant caselaw and the record as a whole, the court issues the following memorandum opinion and order.

1. The court *construes Pamela L. Traylor's motion to remand as a motion for reconsideration of the bankruptcy court's ruling denying the motion to remand.*

2. Until the present, this case has been pending within the jurisdiction of the United States Bankruptcy Court. However, the plaintiff's motion to withdraw the reference shifts jurisdiction to the district court for a ruling on said motion, as Rule 5011(a) of Title 11 of the *Federal Rules of Bankruptcy Procedure* requires a district court to hear a motion to withdraw the reference.

## PROCEDURAL HISTORY AND FACTS

This controversy arises out of foreclosure proceedings initiated by the defendants[3] against the plaintiff, Pamela L. Traylor. On February 16, 1989, Billy E. Traylor, Linda Traylor and Pamela L. Traylor[4] executed a loan with the defendants. The Traylors gave the defendants a mortgage against their residence and real property to secure repayment of said indebtedness.

On October 2, 1991, the defendants commenced mortgage foreclosure proceedings, claiming that the note was in arrears.[5] To preclude foreclosure of their residence, Billy and Linda Traylor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, which they later converted to a Chapter 7 proceeding.

Pursuant to 11 U.S.C. § 524, Billy and Linda Traylor signed a reaffirmation agreement, thereby agreeing to repay the loan. Subsequently, the bankruptcy court entered an order of discharge in favor of Billy and Linda Traylor and closed the Chapter 7 case.

Later, on January 29, 1993, the Traylors filed the instant action against the defendants in the Circuit Court of Randolph County, Alabama. In said complaint, Billy, Linda and Pamela Traylor, as co-obligors on the mortgage loan, assert that the defendants wrongfully instituted foreclosure proceedings against their residence and real property.[6] The plaintiffs seek relief under several state law theories, including breach of contract, wrongful foreclosure, outrage, libel, fraud and loss of consortium.[7]

On May 6, 1993, the defendant, First Family Financial Services, Inc., removed the case to the United States District Court for the Middle District of Alabama, predicating jurisdiction under 28 U.S.C. § 1334.[8] Subsequently on May 13, 1993, the plaintiffs filed a motion to abstain from hearing the action and remand said action to state court, and the district court referred the action to the bankruptcy court. After a hearing, the bankruptcy judge denied said motion. As previously stated, this cause is now before the court for a ruling on plaintiff Pamela L. Traylor's motion to withdraw the reference to the bankruptcy court or, in the alternative, for reconsideration of the bankruptcy court's ruling denying the motion to remand.

## DISCUSSION

Whether the district court should withdraw the reference will depend upon resolution of plaintiff Pamela L. Traylor's motion for reconsideration of the bankruptcy court's denial of the motion to remand. Practically speaking, it is nonsensical for the court to rule on the motion to withdraw the reference, when the possibility exists that federal jurisdiction may be lacking in this action.

■ Accordingly, the court finds that federal jurisdiction must be established prior to determining whether the action should proceed in a bankruptcy tribunal or in a district court. The resolution of the remand motion necessarily requires an analysis of whether removal was proper under 28 U.S.C. § 1334.[9] This section confers jurisdiction "over all civil proceedings arising under title 11, or arising in or related to cases under title 11."

■ The court finds that the Honorable A. Pope Gordon, who is exceedingly learned in the laws of bankruptcy, is in the best position to make this determination and rule on the motion for reconsideration of the ruling denying the motion to remand. Accordingly,

---

3. First Family Financial Services of Alabama, Inc. also is named as a defendant in this action. *See* Pl.s' Compl. at ¶ 6.

4. Billy and Linda Traylor are husband and wife. Pamela is their daughter.

5. The plaintiffs contend that all payments were current and that they were not in default on the loan.

6. Since the filing of the complaint, the bankruptcy court has dismissed Billy and Linda Traylor as plaintiffs and substituted the bankruptcy trustee to represent the interests of the estate.

7. The bankruptcy case was re-opened on April 3, 1993.

8. While generally all defendants must join in the removal of a case, First Family Financial Services, Inc. asserts that there is no entity named First Family Financial Services of Alabama, Inc. *See* Def.'s Notice of Removal at ¶ 12.

9. The court finds it worthy to note that but for jurisdiction under § 1334, it appears that removal would be improper.

the court will defer to the expertise and specialized knowledge of the bankruptcy judge.

Thus, the court will reserve ruling on the motion to withdraw the reference. If plaintiff Pamela L. Traylor is successful in her remand motion, the motion to withdraw the reference, of course, will be moot. If the bankruptcy court denies said motion, then the court will proceed with a determination of whether the reference should be withdrawn.

### CONCLUSION

Accordingly, it is CONSIDERED and ORDERED that the court will RESERVE ruling on the motion to withdraw the reference pending resolution of plaintiff Pamela L. Traylor's motion for reconsideration of the motion to remand.

It is further CONSIDERED and ORDERED that plaintiff Pamela L. Traylor's motion for reconsideration of the motion to remand be and the same is hereby REFERRED to the bankruptcy court for a ruling thereon and certification of said ruling to this court.