**In re Billy E. TRAYLOR, Linda Traylor, Debtors.**

**Pamela TRAYLOR, et al., Plaintiffs,**

v.

**FIRST FAMILY FINANCIAL SERVICES, INC., et al., Defendants.**

No. 91–04811–APG.
Bankruptcy Adv. No. 93–00209–APG.

United States Bankruptcy Court,
M.D. Alabama.

May 22, 1995.

John G. Smith, Schmitt & Harper, Tallassee, AL, for plaintiffs.

R. Carlton Smyly, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, AL, for defendants.

## OPINION ON RENEWED MOTION TO REMAND

A. POPE GORDON, Bankruptcy Judge.

Pamela L. Traylor filed a motion on September 12, 1994 to withdraw the reference of this adversary proceeding or to remand the proceeding to state court.

The district court reserved ruling on the motion to withdraw the reference pending consideration by this court of the motion to remand.[1]

The motion to remand came on for hearing on May 10, 1995. For the following reasons, the court concludes that the motion should be granted.

Pamela Traylor and her parents, Billy and Linda Traylor, filed this action initially in the Circuit Court of Randolph County, Alabama. The Traylors alleged various state law claims against First Family Financial Services arising out of the alleged attempted wrongful foreclosure of their residence.[2] The Traylors demanded a jury trial.

First Family removed the action to the District Court for the Middle District of Alabama under 28 U.S.C. § 1334.[3]

The Traylors filed a motion to abstain and remand the action to the Circuit Court of Randolph County, Alabama.

The district court referred the action to this court.

This court denied the motion to abstain and remand because of suspected issue involving bankruptcy law.[4]

The court dismissed Billy and Linda Traylor because their claims are property of their bankruptcy estate, and the chapter 7 trustee is the real party in interest to those claims.

---

1. See Traylor v. First Family Financial Servs., 183 B.R. 286 (M.D.Ala.1995).

2. The Traylors alleged that they were current in their payments on the note to First Family at the time foreclosure was attempted.

3. The action was related to a bankruptcy case filed by Billy and Linda Traylor. Pamela Traylor was not a debtor in the bankruptcy case.

4. The court suspected at the time that the enforceability of a reaffirmation agreement between Billy and Linda Traylor and First Family might be in question.

Pamela Traylor filed the instant motion to withdraw the reference and renewed, in the alternative, her motion to remand this proceeding to state court.

28 U.S.C. § 1452 allows the court to remand this adversary proceeding to state court on "*any* equitable ground" (emphasis added).

There are several equitable grounds to support remand of the instant adversary proceeding.

The bankruptcy case to which this action relates was filed by Billy and Linda Traylor in 1991 and closed in 1992. The bankruptcy case was reopened solely because of the state court action which was not filed until 1993.

The action involves purely state law claims and does not involve any issues of bankruptcy law.[5] The case could not have been commenced in federal court because the parties are not completely diverse and no federal question is involved.

The Circuit Court of Randolph County will have jurisdiction over the parties to this action. Pamela Traylor, a Georgia resident, submitted herself to the jurisdiction of the state court by filing the action in Alabama.

The action is a non-core proceeding under 28 U.S.C. § 157(b). The court does not have the authority to enter final judgments in non-core proceedings.[6]

Pamela Traylor who is not a debtor has requested and appears to be entitled to a jury trial in this case. Pamela Traylor has not consented to a jury trial by the bankruptcy court. The authority of the bankruptcy court to conduct a jury trial absent the consent of all parties is in question.[7]

The claims of Pamela Traylor should not be bifurcated from the claims of the chapter 7 trustee. All of the claims are predicated on the assumption that the Traylors were not in default on the loan from First Family at the time First Family attempted foreclosure of the Traylor residence. Both judicial economy and the risk of inconsistent results dictate that this issue should be decided by only one court.[8]

There is no evidence before the court that this adversary proceeding cannot be timely adjudicated by the Circuit Court of Randolph County, Alabama.

A separate order will enter remanding this adversary proceeding to the Circuit Court for Randolph County, Alabama.

---

5. Neither party challenges the *enforceability* of the reaffirmation agreement. The reaffirmation agreement, however, may be offered into evidence.

6. *See* 28 U.S.C. § 157(c).

7. The following amendment to the Bankruptcy Code applies only to cases filed after October 22, 1994:

If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties. 28 U.S.C. 157(e).

8. A ruling that the Traylors were in default at the time of the alleged foreclosure by First Family would be dispositive of the action.